

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENI JR. SIULUA,<br><br>        Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No.: 25-cv-2266-AJB-LR<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**(Doc. Nos. 1, 2)** |

  On July 3, 2025, Peni Jr. Siulua ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals. (Doc. No. 1.) Concurrently, Petitioner filed a motion to proceed *in forma pauperis* addressed to the Ninth Circuit. (Doc. No. 2.) On August 19, 2025, the Ninth Circuit issued an Order directing the transfer of the instant case to this Court "for whatever consideration that court deems appropriate," citing Fed. R. App. P. 22(a) and 28 U.S.C. §§ 1631, 2241(b), and stated that: "This transfer order is issued without regard to whether petitioner's claims have any merit or satisfy the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." (Doc. No. 1-3 at 1–2.) The Ninth Circuit also directed that: "The petition is deemed filed on June 29, 2025, the date it was signed." (*Id.* at 1 (citing *Butler*

*v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)).) On September 2, 2025, the instant case was opened as directed. (*See generally docket*.)

Upon review, the Court **DENIES** the motion to proceed *in forma pauperis* and **DISMISSES** the case without prejudice for the reasons discussed below.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed *in forma pauperis* made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee, but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." R. 3(a)(2), Rules Governing Section 2254 Cases (2019); *see also* CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the required affidavit (*see* Doc. No. 2 at 1), he has failed to provide the Court with the required prison certificate and certified copy of his trust fund account statement. (*See generally* Doc. No. 2.) Because Petitioner has not provided the Court with the required financial information, the Court **DENIES** the motion to proceed *in forma pauperis* **without prejudice** to resubmission.

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant case is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## II.   FAILURE TO NAME A PROPER RESPONDENT

Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing R. 2(a), Rules Governing Section 2254

1  Cases (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to
2  name a proper respondent. *See id.*

3  The warden is the typical respondent. However, "the rules following section 2254
4  do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the
5  warden of the institution in which the petitioner is incarcerated . . . or the chief officer in
6  charge of state penal institutions.'" *Id.* (quoting R. 2(a), Rules Governing Section 2254
7  Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note).

8  Here, Petitioner has incorrectly named "People of the State of California" as
9  Respondent. (*See* Doc. No. 1 at 1.) A long-standing rule in the Ninth Circuit holds "that a
10 petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose]
11 authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the
12 petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir.
13 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of
14 the state prisoner, the person who will produce "the body" if directed to do so by the Court.
15 Thus, in order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner
16 must name the person who will produce "the body" if directed to do so by the Court. "Both
17 the warden of a California prison and the Director of Corrections for California have the
18 power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

19 In order for this Court to entertain the Petition filed in this action, Petitioner must
20 name the warden in charge of the state correctional facility in which Petitioner is presently
21 confined or the Director of the California Department of Corrections and Rehabilitation.
22 *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly,
23 the instant Petition is subject to dismissal for failure to name a proper Respondent.

24 **III.   FAILURE TO USE PROPER FORM**

25 A Petition for Writ of Habeas Corpus must be submitted in accordance with the
26 Local Rules of the United States District Court of the Southern District of California. *See*
27 R. 2(d), Rules Governing § 2254 Cases (2019). To comply with the Local Rules, petitions
28 must be submitted on a court-approved form and in accordance with the instructions

approved by the Court. *Id.*; S.D. Cal. CivLR HC.2(b). Petitioner has failed to submit his Petition on the proper form.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** the motion to proceed *in forma pauperis* (Doc. No. 2) and **DISMISSES** the case **without prejudice** for failure to satisfy the filing fee requirement, failure to name a proper respondent, and failure to use the proper form. To have this case reopened, Petitioner must submit, no later than **November 14, 2025**, **BOTH**: (1) a completed Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.*

IT IS SO ORDERED.

Dated: September 15, 2025

Hon. Anthony J. Battaglia
United States District Judge