UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENI JR. SIULUA,<br><br>                          Petitioner,<br>v.<br><br>O'BRIAN BAILEY, Warden, et al.,<br><br>                         Respondents. | Case No.: 25cv2266-AJB(LR)<br><br>**ORDER REQUIRING RESPONSE TO AMENDED PETITION (28 U.S.C. § 2254)** |

On July 3, 2025, Peni Jr. Siulua ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals along with a motion to proceed in forma pauperis. (ECF Nos. 1-2.) On August 19, 2025, the Ninth Circuit issued an Order directing the transfer of the instant case to this Court "for whatever consideration that court deems appropriate," citing Fed. R. App. P. 22(a) and 28 U.S.C. §§ 1631, 2241(b), and stated that: "This transfer order is issued without regard to whether petitioner's claims have any merit or satisfy the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." (ECF No. 1-3 at 1-2.) The Ninth Circuit also directed that: "The petition is deemed filed on June 29, 2025, the date it was signed." (*Id.* at 1, citing *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014).) On September 2, 2025, the instant case was opened as directed. (*See generally docket*.) On September 15, 2025, the Court denied the motion to proceed in forma pauperis, dismissed the case without

prejudice, and directed Petitioner that to have the case reopened, he must submit both a completed Amended Petition form curing the identified pleading deficiencies along with either the $5.00 filing fee or adequate proof of his inability to pay the fee, on or before November 14, 2025. (ECF No. 3.) Petitioner subsequently timely paid the $5.00 filing fee and timely filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 4-5.) In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Amended Petition, **IT IS ORDERED** that:

    1.    The Clerk of this Court must promptly (a) serve a copy of the Amended Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

    2.    Respondent must file a "Notice of Appearance" no later than **December 8, 2025**.

    3.    If Respondent contends the Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, or that the Amended Petition is barred by the statute of limitations, or that the Amended Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **January 23, 2026**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent must lodge with the

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **February 23, 2026**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6. If Respondent does not contend that the Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Amended Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **January 23, 2026**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

7. Petitioner may file a traverse to matters raised in the answer no later than **February 23, 2026**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Amended Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the

due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge