UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENI JR. SIULUA,<br><br>                                    Petitioner,<br><br>v.<br><br>O'BRIAN BAILEY, et al.,<br><br>                                    Respondents. | Case No.:  25cv2266-AJB(LR)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>**[ECF NO. 10]** |

This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. On June 29, 2025, Petitioner Peni Jr. Siulua, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing a Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 1.)  On September 15, 2025, Judge Battaglia issued an order denying Petitioner's motion to proceed *in forma pauperis* and dismissed the case without prejudice. (ECF No. 3.)  On November 10, 2025, Petitioner filed his Amended Petition, which is the operative pleading in this case. (ECF No. 5.)

Now pending before the Court is Respondents' unopposed Motion to Dismiss the Amended Petition ("Motion to Dismiss").  (ECF No. 10.)  For the reasons set forth below, the Court **RECOMMENDS** that Respondents' Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**.

## I.  BACKGROUND AND PROCEDURAL HISTORY

### A.    Petitioner's Criminal Conviction and Direct Appeal

On November 20, 2009, a jury convicted Petitioner of first-degree murder (California Penal Code section 187(a)) and attempted murder (California Penal Code sections 187(a), 664), with findings that Petitioner used a firearm to commit both crimes (California Penal Code sections 12022.53(d), (e)(1)(2)).  (See Lodgment 6 at 101–02.)  The jury also found Petitioner committed both crimes for the benefit of a criminal street gang (California Penal Code section 186.22(b)(1)).  (Id.)  On September 20, 2010, the San Diego County Superior Court sentenced Petitioner to seventy-five years to life plus seven years in state prison.  (Lodgment 5 at 30–35; Lodgment 6 at 112; Lodgment 7 at 25.)

Petitioner and his co-defendant, Situe Toluao, appealed their convictions to the California Court of Appeal, arguing that the trial court erred by "(1) admitting certain gang evidence; (2) admitting evidence of Siulua's statements to an accomplice concerning Toluao's involvement in the crimes; (3) denying his request to sever the trial; (4) admitting evidence of statements he made to his friend relaying a conversation with another gang member; (5) failing to hold an evidentiary hearing and denying his motion for new trial; (6) denying his petition for release of juror information without setting a hearing and without making express findings; and (7) failing to strike conviction under People v. Superior Court, 13 Cal.4th 497 (1996)."  (Lodgment 1 at 1–2.)  On October 2, 2012, the California Court of Appeal affirmed the decision of the Superior Court finding "no prejudicial errors warranting reversal of the convictions[.]"  (Id. at 2.)

On November 2, 2012, Petitioner filed a petition for review in the California Supreme Court arguing that (1) the Court of Appeal erred in concluding that admission of

the prosecution's gang expert testimony did not violate Petitioner's federal due process rights; (2) the Court of Appeal improperly found that Petitioner failed to make a prima facie showing of good cause for a hearing on the release of juror contact information, which conflicts with established precedent; and (3) the California Supreme Court should grant review to decide whether the statutory requirement—that a court state its reasons for denying a petition for juror contact information— is mandatory or directory. (Lodgment 2 at 9–10, 14, 25, 31.)  On January 16, 2013, the California Supreme Court summarily denied the petition.  (Lodgment 3 at 1.)

On December 6 and 12, 2022, Petitioner filed two *pro se* "Petitions for Resentencing (Pen. Code § 1170.95)"[1] in the San Diego County Superior Court. (Lodgment 5 at 52–57.)  Petitioner alleged that he had been convicted of murder under a theory of felony murder, the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in the crime.  (Id.)  He also alleged he had been convicted of attempted murder under the natural and probable consequences doctrine.  (Id.)  Petitioner stated that due to changes made to California Penal Code sections 188 and 189 on January 1, 2019, he cannot be convicted of murder or attempted murder.  (Id.)  The Superior Court found that Petitioner had made a prima facie showing for relief and scheduled an evidentiary hearing. (Lodgment 6 at 117; Lodgment 9 at 5–7.)

The San Diego County Superior Court held an evidentiary hearing on December 8, 2023, pursuant to California Penal Code section 1172.6, at which Petitioner was represented by counsel.  (See Lodgment 8 at 1–44.)  The parties did not introduce new evidence at the hearing and relied on the trial transcripts.  (Id. at 2–3.)  The San Diego County Superior Court found beyond a reasonable doubt that Petitioner was a direct aider

---

[1] The Court notes that California Penal Code section 1170.95 was renumbered as California Penal Code section 1172.6 "without substantive changes." See People v. Strong, 13 Cal. 5th 698, 708 n.2 (2022). Despite the amendment to the code, Petitioner filed the resentencing petition under California Penal Code section 1170.95.

3

and abettor of the murder and the actual perpetrator of the attempted murder.  (Id. at 39–44.)  The Superior Court ultimately denied the resentencing petition.  (Id. at 42.)

On June 25, 2024, appellate counsel filed an opening brief in the California Court of Appeal pursuant to People v. Delgadillo, 14 Cal.5th 216 (2022), stating that he identified no arguable issues on appeal but also noting that he had considered whether substantial evidence supported the trial court's findings under the amended murder statutes.  (Lodgment 10 at 11–13.)  On July 3, 2024, Petitioner filed a *pro se* supplemental brief, alleging ineffective assistance of his appellate counsel for failing to seek resentencing under California Penal Code section 1172.1.  (Lodgment 12 at 1.)  On August 16, 2024, the California Court of Appeal independently reviewed the record, found no arguable issues, and affirmed.  (Lodgment 13 at 2–3.)

On July 11, 2024, Petitioner filed a separate *pro se* request for recall of sentence and resentencing under California Penal Code 1172.1, asking the court to investigate the change in the sentencing laws to reduce his sentence.  (See Lodgment 15.)  On September 5, 2024, the San Diego County Superior Court notified Petitioner that it would not take any action on his request.  (Lodgment 16.)

**B.     Petitioner's State Habeas Petitions**

On November 8, 2024, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, requesting appointment of counsel and an investigation of the changes in sentencing laws.  (See Lodgment 17.)  On December 31, 2024, the court denied the petition, stating that Petitioner "fails to adequately set forth a prima facie statement of facts that would entitle him to habeas corpus relief . . . [and] also fails to state a basis on which relief would be warranted."  (Lodgment 18 at 2.)  The court also noted that a petition for a writ of habeas corpus is not the proper procedure for seeking a recall of a sentence.  (Id.)

On January 29, 2025, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court raising the same claims as in the San Diego County Superior Court.  (Lodgment 19.)  On May 28, 2025, the California Supreme Court denied the

25cv2266-AJB(LR)

petition, stating that "a petition for writ of habeas corpus must allege sufficient facts with particularity." (Lodgment 20.)

**C.     Petitioner's Federal Habeas Petition**

On June 29, 2025, Petitioner filed his federal Petition in the Ninth Circuit Court of Appeals, and it was thereafter transferred to this Court on August 19, 2025. (See ECF Nos. 1, 3.) On September 15, 2025, District Judge Battaglia denied Petitioner's motion to proceed *in forma pauperis* and dismissed the Petition without prejudice. (See ECF No. 3.) On November 10, 2025, Petitioner filed an Amended Petition, the operative pleading, asserting the following: (1) he is entitled to resentencing relief under California Penal Code section 1172.1 due to changes in the law and the Court should conduct an investigation;[2] and (2) the state trial court improperly denied habeas relief because the state court did not issue an order to show cause based on the District Attorney's Office's failure to respond to his petitions. (ECF No. 5 at 6–7.) On February 20, 2026, Respondents filed a Motion to Dismiss, and Petitioner did not respond. (ECF No. 10.)

## II.  LEGAL STANDARD

Petitioner's Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[2] In his Amended Petition, Petitioner asserts that "[t]he Trial Court imposed illegal enhancements" and asks the Court to investigate "[a]ll Sentencing Day Penal Code(s) that have [been] Repealed [ ]or Amended in [his] Case including Retroactive ones." (ECF No. 5 at 6.) Although Petitioner does not identify specific California sentencing statutes in the text of his Amended Petition, he attaches and cites a request to recall his sentence under California Penal Code section 1172.1, as well as his state habeas petition. (Id. at 31–32, 34.) Accordingly, the Court construes Petitioner's claim as a request for an investigation in recall and resentencing under California Penal Code section 1172.1 based on unspecified changes in the law.

25cv2266-AJB(LR)

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Early v. Packer, 537 U.S. 3, 7–8 (2002).

Rule 2(c) of the Rules Governing Habeas Corpus Cases requires the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254. "Habeas corpus petitions must meet heightened pleading requirements[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994). "Habeas Corpus Rule 2(c) is more demanding" than "Rule 8(a), applicable to ordinary civil proceedings, [which requires] a complaint [to] provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Advisory Committee's Note on Habeas Corpus Rule 2(c), 28 U.S.C. 469 ("[I]t is the relationship of the facts to the claim asserted that is important . . . .")). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Mayle, 545 U.S. at 655 (citation and internal quotation marks omitted). To satisfy Rule 2(c) requirements, a petitioner "must state specific, particularized facts" for each ground specified, and "[t]hese facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990); see also Torres v. Covello, Case No.: 25cv1048-LL-LR, 2025 WL 1617183, at *1 (S.D. Cal. June 6, 2025) (citing Adams, 897 F.2d at 334). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

A petition from a *pro se* litigant is held to "less stringent standards" than a petition drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

25cv2266-AJB(LR)

Gamble, 429 U.S. 97, 106 (1976)).  Nevertheless, *pro se* litigants in habeas cases are required to "follow the same rules of procedure that govern other litigants."  Barnett v. Duffey, 621 F. App'x 496, 497 (9th Cir. 2015) (citation omitted).

### III.  DISCUSSION

**A.    Respondents' Unopposed Arguments**

Respondents move to dismiss all claims in the Amended Petition.  (See ECF No. 10-1 at 10–11, 15–28.)  First, Respondents assert that both of Petitioner's claims under state law do not present a federal question.  (Id. at 15–19.)  Second, Respondents argue that both of Petitioner's claims are barred by the statute of limitations under 28 U.S.C. § 2244(d).  (Id. at 19–24.)  Third, Respondents contend that Petitioner has failed to state which new sentencing law entitles him to relief, nor has he alleged any facts that entitle him to relief.  (Id. at 24–27.)  Fourth, Respondents argue that ground two is unexhausted because Petitioner failed to fairly present the claim to the California Supreme Court.  (Id. at 27–28.)  Petitioner does not oppose the Motion to Dismiss.  (See Docket.)[3]

**B.    Analysis of the Petition under 28 U.S.C. § 2244**

Respondents move to dismiss the Amended Petition, claiming it is time-barred under the one-year statute of limitations set forth in the AEDPA.  (ECF No. 10-1 at 19–24.)  Respondents further argue that Petitioner's conviction and

---

[3] This district's Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing.  Civ. Local R. 7.1.e.2.  Failure to comply with these rules "may constitute a consent to the granting of a motion."  Civ. Local R. 7.1.f.3.c.  Here, Petitioner did not respond to the Motion to Dismiss, so the Court could grant the Motion on this basis.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal when *pro se* inmate failed to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); Butler v. Manning, Case No. 22-cv-690-MMA-DEB, 2023 WL 2637386, at *1 (S.D. Cal. Mar. 24, 2023) (granting motion to dismiss because *pro se* inmate failed to oppose, explaining that "the Court has the option of granting Defendants' motion to dismiss based upon Plaintiff's failure to respond [per Civil Local Rule 7.1.e.2] and chooses to do so here").  Nevertheless, given Petitioner's *pro se* status, the Court will consider the Respondents' remaining arguments and the merits of the Amended Petition.

25cv2266-AJB(LR)

sentence became final in 2013, it has not been retriggered, and he is not entitled to tolling. (Id. at 20.) The Court agrees.

The Petition was filed after the effective date of the AEDPA, and it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). The AEDPA imposes a one-year period of limitation on applications for a writ of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The AEDPA's one-year statute of limitations period can be statutorily and equitably tolled. Statutory tolling suspends the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review" is pending. See 28 U.S.C. § 2244(d)(2). Equitable tolling of the statute of limitations is appropriate when a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (same).

A petitioner bears the burden of demonstrating that the limitations period is sufficiently tolled under statutory or equitable principles.  See Valdez v. Montgomery, 918 F.3d 687, 691 (9th Cir. 2019).  It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when the petition is not filed within the AEDPA's one-year statute of limitations.  Jiminez v. Rice, 276 F.3d 478, 482–83 (9th Cir. 2001).

Here, Petitioner's state court judgment became final on April 16, 2013, ninety days after the California Supreme Court denied his petition for review on January 16, 2013.  (See Lodgment 4); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[A] conviction is not final until the ninety-day certiorari period has expired.").  Thus, the AEDPA's statute of limitations began to run the following day, on April 17, 2013.  See Patterson, 251 F.3d at 1246 (holding that Federal Rule of Civil Procedure 6(a), which instructs that "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included," applied to the AEDPA's limitation period).  Therefore, the statute of limitations expired one year later on April 17, 2014.  See 28 U.S.C. § 2244(d)(1)(A).  Petitioner did not file his federal Petition until June 29, 2025, more than eleven years after the statute of limitations expired.  (See ECF No. 1.)  Therefore, absent a later trigger date under 28 U.S.C.§ 2244(d)(1)(B)–(D) or any applicable statutory or equitable tolling, the federal Petition is untimely.

Section 2244(d)(1)(B) does not provide an alternate start date to the limitations period in this case.  Petitioner does not allege, and the record does not show, that any illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court."  See Ramirez v. Yates, 571 F.3d 993, 1000–01 (9th Cir. 2009).

Section 2244(d)(1)(C) is likewise inapplicable.  Petitioner does not assert a claim based on a constitutional right "newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Both of Petitioner's claims are based on a recall of Petitioner's sentence under California Penal Code section 1172.1, rather than a constitutional right newly recognized by the United States Supreme Court. Thus, a change to a state sentencing law does not later trigger the AEDPA's one-year statute of limitations. See Stroud v. Madden, Case No. 19-cv-01047-GPC (KSC), 2020 WL 5055858, at *5 (S.D. Cal. Aug. 27, 2020) (holding that an amendment to a California sentencing law did not provide a later trigger date under § 2244(d)(1)(C) "because [federal statute] . . . does not apply to new rights recognized by a change in state law").

Section 2244(d)(1)(D) also does not later trigger the statute of limitations past April 17, 2014. Under that provision, the AEDPA's statute of limitations runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Both Petitioner's claims arise from the recall of his sentence under California Penal Code section 1172.1 due to unspecified changes in the law. Even if Petitioner clearly identified the changes, a state-court decision or a change in state law does not constitute a "factual predicate" that could not have been discovered "through the exercise of due diligence" under § 2244(d)(1)(D). See Shannon v. Newland, 410 F.3d 1083, 1088–89 (9th Cir. 2005) ("If a change in (or clarification of) state law . . . could qualify as a 'factual predicate,' then the term 'factual' would be meaningless"); see also Stroud, 2020 WL 5055858, at *5. Therefore, the record does not provide, and Petitioner does not allege, a factual predicate that satisfies 28 U.S.C. § 2244 (d)(1)(D). Accordingly, unless Petitioner is entitled to statutory or equitable tolling, his federal Petition is untimely and therefore barred by the applicable statute of limitations.

Respondents also assert that Petitioner's resentencing effort did not toll the already expired limitations period. (ECF No. 10-1 at 22.) Under the AEDPA, the

one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. See 28 U.S.C. § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006). In California, where habeas decisions are not appealed but may be filed originally in each court, the intervals between the disposition of one state petition and the filing of a further petition may be tolled. See Carey v. Saffold, 536 U.S. 214, 223 (2002). However, a state habeas petition filed after the expiration of the AEDPA's one-year statute of limitations has no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez, 276 F.3d at 482 (finding that the filing a state habeas petition after the federal statute of limitations had expired "resulted in an absolute time bar"). Additionally, the AEDPA's statute of limitations is "not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated." Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006). A motion to reduce sentence under state law, however, may be a form of "collateral review" that triggers the AEDPA's tolling provision. Wall v. Kholi, 562 U.S. 545, 556 (2011).

Here, following the conclusion of his direct appeal, Petitioner's deadline to file a timely federal habeas petition was April 17, 2014. Petitioner did not file anything further in this case until December 6 and 12, 2022, when he submitted two *pro se* petitions for resentencing under California Penal Code section 1170.95. (See Lodgment 5 at 52–57.) On August 16, 2024, the California Court of Appeal affirmed the Superior Court's denial of Petitioner's request for recall of sentence under California Penal Code section 1170.95. (See Lodgment 13.) Petitioner then filed another *pro se* motion to recall his resentencing in the Superior Court under California Penal Code section 1172.1, which the Superior

Court denied on September 5, 2024.  (See Lodgment 16.)  Petitioner did not file his *pro se* state habeas petition until November 8, 2024—more than ten years after the AEDPA's limitations period expired—seeking an investigation into his sentencing.  (See Lodgment 17.)  Therefore, under Wall, Petitioner's first collateral review filing for tolling purposes occurred on December 6, 2022.  See Wall, 562 U.S. at 556 (holding that a motion to reduce a sentence under state law is an application for collateral review).  However, that filing came 3,152 days after the federal statute of limitations expired, so it cannot revive the expired deadline. See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482.  Petitioner's federal Petition is therefore time-barred, unless Petitioner can establish that he is entitled to equitable tolling.

Respondents further contend that Petitioner has not shown extraordinary circumstances or diligent pursuit of his rights sufficient to warrant equitable tolling.  (ECF No. 10-1 at 20.)  The AEDPA's one-year statute of limitations may be equitably tolled if a habeas petitioner can establish the following two elements: (1) "[petitioner] has been pursuing his rights diligently," and (2) "some extraordinary circumstances" prevented timely filing.  Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).  Equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2001)).  Here, Petitioner does not oppose Respondents' Motion to Dismiss and has offered no facts to support equitable tolling under the AEDPA's high threshold.  Petitioner's reliance on changes in state sentencing law also cannot satisfy the "extraordinary circumstance" requirement.  The Ninth Circuit has made clear that an intervening state decision or change in state law does not warrant equitable tolling, as doing so "would open the door for any state prisoner to file a habeas petition anytime a state court issues a clarification of state law[,]" a result inconsistent with the AEDPA's goal of finality. See Shannon, 410 F.3d at 1090.  Petitioner has not shown, and the Court has no basis to find, equitable tolling of the one-year statute of limitations in 28 U.S.C. §

25cv2266-AJB(LR)

2244.  Therefore, the Petition is untimely and barred by the applicable statute of limitations.

For the reasons stated above, the Court **RECOMMENDS** that the District Judge dismiss the Amended Petition as untimely.

**C.      Ground One[4]**

In Ground One, as best as the Court can discern, Petitioner alleges that the state trial court imposed illegal sentencing enhancements when it denied his request for recall of sentencing and resentencing.  (ECF No. 5 at 6, 31–32.)  In a brief statement of supporting facts, Petitioner cites to his state habeas filing and "call[s] upon this Court of law to conduct a Full Judicial Investigation regarding All sentencing day Penal Code(s) that have Repealed and or Amended in My Case including Retroactive ones."  (Id.)  Petitioner does not identify any specific California statute in the text of Ground One, but he attaches his state habeas petitions and his request for recall of sentence and resentencing under California Penal Code section 1172.1.  (Id. at 6, 31–32, 40–45, 50–51.)

Respondent moves to dismiss Ground One, arguing that it is not cognizable on federal habeas review because it turns entirely on the application of state sentencing law.  (ECF No. 10-1 at 15–17.)  Respondent further argues that Petitioner "cannot transform his state law claims into federal ones simply by citing unrelated federal rules, statutes, and cases."  (Id. at 18.)  The Court agrees.

A federal habeas court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2254(a) (providing that federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States");

---

[4] Although the Amended Petition is untimely under the AEDPA's one-year statute of limitations, the Court will nevertheless address the merits of the claims.

25cv2266-AJB(LR)

Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023) ("[T]he Ninth Circuit has long held that the 'writ of habeas corpus is limited to attacks upon the legality or duration of confinement'"). Federal habeas corpus relief is not available to correct alleged errors of the state court's application or interpretation of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal quotation marks and citation omitted) ("[F]ederal habeas corpus relief does not lie for errors of state law"); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (same; noting that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Burrell v. Lewis, 172 F.3d 875 (9th Cir. 1999) (finding that petitioner's claim challenging the application of California state law was not cognizable in a federal habeas petition).

Ground One seeks post-conviction resentencing relief under California Penal Code section 1172.1 and thus alleges a violation of state, not federal, law. Section 1172.1 authorizes a state trial judge *sua sponte*, or on motion of certain state officers, to recall and resentence a criminal defendant. It also states, however, that a criminal defendant has no right to petition for such relief, and that if such a petition is filed, the state court need not respond. Cal. Penal Code § 1172.1(c). Despite the language of section 1172.1(c), Petitioner filed a request for resentencing, which the trial court denied. (See Lodgments 15–16.) Petitioner then filed a state habeas petition asking the state courts to investigate whether amendments to California's sentencing laws entitled him to a reduced sentence, and the California courts again denied relief. (See Lodgments 17–20.) Because habeas review in federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States, Petitioner's claim challenging the state court's application of California sentencing law is not cognizable on federal habeas review. See Wilson, 562 U.S. at 5; see also Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting Estelle, 502 U.S. at 67–68) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-

14

law questions.'"); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (providing that a state court's interpretation of state law binds federal court sitting in habeas corpus).

Further, in Ground One, Petitioner also cites Federal Rule of Civil Procedure 60[5] and 28 U.S.C. § 1361,[6] seeking relief from judgment under those statutes, but offers no supporting facts.  (ECF No. 5 at 6.)  However, Petitioner cannot transform his state-law claim into a federal claim by citing unrelated federal laws.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (adding the phrase "due process" to state law claims does not transform them into federal claims; rather, they remain state law claims "dressed up" as federal due process claims); see also Holloway v. Price, No. CV 14–5987 RGK (SS), 2015 WL 1607710, at *6–8 (C.D. Cal. Apr. 7, 2015) (finding federal due process and equal protection claims challenging the denial of resentencing under California Penal Code § 1170.126 were not cognizable); Aubrey v. Virga, No. EDCV 12–822–JAK (AGR), 2015 WL 1932071, at *9–10 (C.D. Cal. Apr. 27, 2015) (same); Morgan v. Spearman, No. CV 15–3704–DOC (GJS), 2015 WL 2452781, at *5 (C.D. Cal. May 21, 2015) ("Draping this question of state [sentencing] law in the verbiage of the Sixth Amendment or equal protection or the Ex Post Facto Clause does not render the claim cognizable").  Therefore, the Court finds that Petitioner's claim in Ground One for sentencing and resentencing pursuant to California sentencing law is not cognizable on federal habeas review.  See, e.g., Gooden v. Johnson, No. 2:24-CV-02648-DDP-PD, 2024 WL 5683680, at *2 (C.D. Cal. Nov. 21, 2024) (collecting cases finding that a state court's denial of request for resentencing under section 1172.1 does not raise a cognizable issue on federal habeas review); see also Fritz v. California, No. 2:24-cv-2563-AC P, 2024 WL 5010017, at *1 (E.D. Cal. Nov. 13, 2024) (finding claim premised on section

---

[5] Federal Rule of Civil Procedure 60 authorizes a federal court to correct errors and, in limited circumstances, grant relief from a final judgment or order. See Fed. R. Civ. P. 60(a)–(e).
[6] 28 U.S.C. § 1361 states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

1172.1 not cognizable in federal habeas); <u>Cummings v. CDCR</u>, No. 22-cv-23 (PA) AFM, 2022 WL 1063754, at \*3 (C.D. Cal. Apr. 5, 2022) (collecting cases explaining "claims alleging entitlement to resentencing under various amendments to the California Penal Code are not cognizable").

Even if federal habeas jurisdiction existed, Petitioner failed to sufficiently plead his claim in Ground One. Rule 2(c) of the Rules Governing Habeas Corpus Cases requires the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254. Here, Petitioner simply asks the Court to investigate all sentencing statutes that have been repealed or amended, without identifying any specific statute or explaining how those changes violated his rights. (ECF No. 5 at 6.) Allegations in a petition that are vague, conclusory, and unsupported by a statement of specific facts are insufficient to warrant habeas relief. <u>See</u> <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995) (requiring habeas petitioner to support conclusions with evidence); <u>Degadillo v. Adams</u>, No. 05cv0060, 2008 WL 331396, at \*6 (S.D. Cal. Feb. 5, 2008) (finding that petitioner's claim that the state court violated his constitutional rights did not comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases, where the petitioner did not explain or elaborate on the claim, and the claim was unsupported by argument or authority). Petitioner also attaches his state habeas petitions and states that the supporting facts for Ground One are the "same as state habeas filing." (ECF No. 5 at 6.) In those state petitions, he likewise asked the court to investigate the sentencing laws. (Lodgment 17 at 3–4.) The state trial court denied relief, finding that Petitioner failed to state a claim and that a state habeas petition is not the proper vehicle for resentencing under California Penal Code section 1172.1. (<u>See</u> Lodgment 18.) The California Supreme Court then denied his renewed petition for failing to allege facts with sufficient particularity. (Lodgment 20 (citing <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949)).) Petitioner encounters the same problem in this Court. His generalized request for an investigation into sentencing laws does not satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which requires specific grounds

25cv2266-AJB(LR)

and supporting facts.  See Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254; see also Mayle, 545 U.S. at 655 ("[T]he petition is expected to state facts that point to a real possibility of constitutional error."); James, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").  Given Petitioner's failure to substantiate his claims with facts or evidence, his Ground One claims are too vague and do not comply with Rule 2(c) Governing Habeas Corpus Cases. See id.

For all the foregoing reasons, the Court **RECOMMENDS** that the District Judge issue an order dismissing Petitioner's claim in Ground One.

**D.     Ground Two**

In Ground Two, although not clearly stated, Petitioner appears to allege that the San Diego District Attorney's Office failed to respond to or rebut the factual allegations in his state habeas petitions seeking an investigation into California sentencing laws. (ECF No. 5 at 7 (citing Cal. Penal Code § 1473).)[7]  On that basis, Petitioner requests this Court issue an Order to Show Cause.  (Id.)

Respondents argue that this claim is unexhausted because Petitioner did not "fairly present" it to the California Supreme Court.  (ECF No. 10-1 at 27–30.)  Respondent further contends that, even if the Court were to reach the merits, the claim is not cognizable on federal habeas review and is inadequately pleaded, as Petitioner fails to allege sufficient supporting facts.  (Id. at 17–19, 24–27.)  Respondent therefore asserts that the Amended Petition should be dismissed.  (Id.)

A federal court may not address a petition for writ of habeas corpus unless petitioner has exhausted state remedies with respect to each of the issue(s) presented.  28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations and

---

[7] California Penal Code section 1473 authorizes a "person unlawfully imprisoned or restrained of their liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of the imprisonment or restraint."  See Cal. Penal Code § 1473(a)

quotation marks omitted) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). To satisfy the exhaustion requirement, petitioner must "fairly present" his federal claim to the highest state court with jurisdiction to consider the claim, or demonstrate that there are no available state remedies. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983)). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court either on direct appeal or through state collateral review proceedings. See 28 U.S.C. § 2254(b), (c); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982); Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006).

The record shows that Petitioner presented a single claim to the California courts requesting an investigation into California sentencing laws, and the courts denied relief. (See Lodgments 17–20.) In support of that claim, Petitioner cited California Penal Code section 1473 in both the Superior Court and the California Supreme Court. (Lodgment 17 at 3; Lodgment 19 at 3.) As discussed in Section III.C, Petitioner raised the same investigation claim in Ground One of his federal Amended Petition. (ECF No. 5 at 6.) However, in Ground Two of the federal Amended Petition, Petitioner cites California Penal Code § 1473 and, for the first time, requests that this Court issue an Order to Show Cause based on the San Diego District Attorney's alleged failure to respond to his state habeas petitions. (Id. at 7.) Because Petitioner did not provide the state's highest court an opportunity to consider this specific claim and rule on the merits, the Court concludes that it is unexhausted. See Johnson, 88 F.3d at 829. The Amended Petition is therefore

25cv2266-AJB(LR)

"mixed," because it contains both exhausted and unexhausted claims.  Ordinarily, a federal court may not consider a "mixed petition" and must dismiss it in whole or in part.  See Rose, 455 U.S. at 510.  Nonetheless, under 28 U.S.C. § 2254(b)(2), a federal habeas court may deny an unexhausted claim on its merits when the claim does not state a colorable claim for relief.  Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005).  As explained below, Ground Two is plainly meritless.  The Court therefore declines to dismiss the petition on exhaustion grounds and instead denies Ground Two on the merits.  See id.; cf. Rhines v. Webber, 544 U.S. 269, 125 (2005) (intimating that Section 2254(b)(2) permits the consideration, and the denial, of "plainly meritless" claims).

As discussed above, federal habeas relief is available only for violations of the Constitution, laws, and treaties of the United States.  Estelle, 502 U.S. at 68.  Ground Two arises from Petitioner's reliance on California Penal Code section 1473 and his request that this Court issue an Order to Show Cause based on the District Attorney's alleged failure to respond to his state habeas petitions.  (ECF No. 5 at 7.)  Section 1473 allows a prisoner to pursue a state writ of habeas corpus to challenge the legality of custody, but it does not create federal jurisdiction or a federal right to relief.  Cal. Penal Code § 1473(a).  Petitioner identifies no federal constitutional violation arising from the alleged failure to respond, nor does he establish any ground for this Court to intervene in state habeas procedures.  Petitioner's citations to unrelated federal statutes and cases likewise do not convert this state-law issue into a federal claim.  See Langford, 110 F.3d at 1389.  Accordingly, Ground Two is not a cognizable claim on federal habeas review.  See Bolin v. Newcomb, No. 2:24-CV-01534-EFB (HC), 2025 WL 744804, at *1 (E.D. Cal. Mar. 7, 2025) (finding that petitioner's request to show cause under Cal. Penal Code § 1473 does not confer jurisdiction to the federal court); Quintero v. Pfeiffer, No. CV 21-3782-MWF(E), 2021 WL 6335198, at *7 (C.D. Cal. Dec. 3, 2021) (finding that Petitioner's claim that he was entitled to resentencing under Cal. Penal Code § 1473 is not cognizable on federal habeas review); Rushing v. Neuschmid, 2020 WL 2404666, at

19

*27–28 (N.D. Cal. May 12, 2020) (state court's alleged misapplication of Cal. Penal Code § 1473(b)(3) not cognizable on federal habeas corpus).

Ground Two also fails the basic pleading standards for federal habeas petitions. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify each ground for relief and to state the facts supporting each ground. Rule 2(c)(1)–(2), 28 U.S.C. foll. § 2254. Petitioner offers only conclusory assertions that the District Attorney did not respond to his state petitions, without explaining how this alleged non-response violated any federal right or affected the legality of his custody. Such bare allegations, unsupported by particularized facts, do not satisfy Rule 2(c) or provide a cognizable basis for relief. See James, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); McFarland, 512 U.S. at 856 ("Habeas corpus petitions must meet heightened pleading requirements[.]")

Accordingly, although Ground Two is unexhausted, dismissal to permit exhaustion in state court would serve no purpose because the claim is plainly meritless and not cognizable on federal habeas review. The Court therefore **RECOMMENDS** that the District Judge issue an order dismissing Petitioner's claim in Ground Two.

**E.     Conclusion**

The Court has liberally construed Petitioner's claims and concludes that the Amended Petition is untimely under the AEDPA and, in any event, fails on the merits. The Court finds that the claims rest on state sentencing and state habeas procedures, are not cognizable on federal habeas review, and do not comply with the heightened pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases. The Court therefore **RECOMMENDS** that the District Judge grant Respondents' Motion to Dismiss the Amended Petition.

**IV.  CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Respondents' Motion to Dismiss.

25cv2266-AJB(LR)

**IT IS ORDERED** that no later than **August 14, 2026,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 21, 2026**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:  July 14, 2026

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

25cv2266-AJB(LR)