UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENI JR. SIULUA,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>Respondents. | Case No.: 25-cv-2266-AJB-LR<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 13);**<br><br>**(2) GRANTING RESPONDENTS' MOTION TO DISMISS (Doc. No. 10)** |

Before the Court is Respondents' unopposed Motion to Dismiss the Amended Petition ("Motion to Dismiss"). (Doc. No. 10.) Pursuant to Civil Local Rule 72.1.d, the assigned magistrate judge for a prisoner case under 28 U.S.C. § 2254 not involving the death penalty must submit "a report containing proposed findings of fact and recommendations for disposition of the petition by the district judge." *See also* CivLR 72.3.e. Thus, also before the Court is Magistrate Judge Lupe Rodriguez, Jr.'s Report and Recommendation Regarding Respondents' Motion to Dismiss (the "R&R"). (Doc. No. 13.)

## I. BACKGROUND

Petitioner Peni Jr. Siulua ("Petitioner") filed his Petition for Writ of Habeas Corpus on June 29, 2025. (Doc. No. 1.) Concurrently, Petitioner filed a motion to proceed *in forma pauperis* ("IFP") addressed to the Ninth Circuit. (Doc. No. 2.) On August 19, 2025, the Ninth Circuit issued an Order directing the transfer of the instant case to this Court "for whatever consideration that court deems appropriate," citing Fed. R. App. P. 22(a) and 28 U.S.C. §§ 1631, 2241(b), and stated that: "This transfer order is issued without regard to whether petitioner's claims have any merit or satisfy the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." (Doc. No. 1-3 at 1–2.) The Ninth Circuit also directed that: "The petition is deemed filed on June 29, 2025, the date it was signed." (*Id.* at 1 (citing *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014)).) On September 2, 2025, the instant case was opened as directed. (*See generally* Docket.) On September 15, 2025, the Court denied Petitioner's IFP request because Petitioner did not provide the Court with the required financial information. (Doc. No. 3.) Subsequently, Petitioner paid the required $5.00 filing fee and filed the operative Amended Petition for Writ of Habeas Corpus. (Doc. Nos. 4; 5.)

On February 20, 2026, Respondents O'Brian Bailey and Rob Bonta ("Respondents") moved to dismiss Petitioner's Amended Petition. (Doc. No. 10.) Petitioner did not file an opposition to the Motion to Dismiss. (*See generally* Docket.) On July 14, 2026, Magistrate Judge Rodriguez issued the instant R&R recommending that the Court grant Respondents' Motion to Dismiss. (Doc. No. 13.) The deadline for Petitioner to file any objections to the R&R was August 14, 2026. (*Id.*)

On July 31, 2026, Petitioner submitted a letter stating that he has "tried numerous times to acquire an IFP Application from the prison library with no success." (Doc. No. 14 at 1.) Thus, he asked that the Court send him "an In Forma Pauperis Application that the Court is currently waiting on." (Doc. No. 14 at 1.) Because Petitioner already paid the filing fee, the Court denied the request as moot. (Doc. No. 15 (citing *Reddy v. Cbay Sys. Holdings, Ltd.*, 584 F. App'x 411, 412 (9th Cir. 2014).) Petitioner's letter also asked for an

"extension of time due to transferring from prison." (Doc. No. 14 at 1.) Though it was unclear what deadline Petitioner sought to extend, the Court construed the letter as a request for an extension of Petitioner's deadline to file any objections to the R&R. (Doc. No. 15.) In the interest of justice, the Court granted Petitioner's request and set a new deadline of August 28, 2026, for any party to file written objections to the R&R. (*Id.*) No party has filed an objection.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of any objections, a district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 amendment; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III. DISCUSSION

Neither party has filed an objection to Judge Rodriguez's R&R. Thus, having carefully considered the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby **ADOPTS** Magistrate Judge Rodriguez's R&R in its entirety and **GRANTS** Respondents' Motion to Dismiss.

## IV. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003)

(quoting 28 U.S.C. § 2253(c)(2)). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth in the R&R and incorporated here, the Court finds this standard has not been met, and therefore a certificate of appealability is **DENIED**.

## V. CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety. (Doc. No. 13.) Respondents' Motion to Dismiss (Doc. No. 10) is **GRANTED** and Petitioner's Amended Petition (Doc. No. 5) is **DISMISSED with prejudice**. Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 336. Thus, the Court declines to issue a certificate of appealability and **DIRECTS** the Clerk of Court to enter judgment and terminate this matter.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Hon. Anthony J. Battaglia
United States District Judge